JOLLY, Appellant, vs. GREENDALE HOUSING AUTHORITY
and another, Respondents.

*April 3—August 30, 1951.*

For the appellant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *Charles B. Quarles* of counsel, all of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondents there were briefs by *Irving A. Puchner* of Milwaukee, for the Greendale Housing Authority, and by *Field & Gerlach* of Madison for Norman B. Ward, and oral argument by *Mr. Puchner* and *Mr. John G. Gerlach.*

Briefs were also filed by the *Attorney General* and *Roy G. Tulane,* assistant attorney general, and by *Farnham A. Clark* of Menomonie, and *Wilkie, McCusker & Wilkie* of Madison, as *amici curiae.*

MARTIN, J. The purpose of sec. 66.40, Stats., the "Housing Authorities Law," is stated in sub. (2). It is there declared, in substance, that there exist insanitary and unsafe dwelling accommodations resulting in a shortage of safe or sanitary dwelling accommodations for persons of low income, forcing them to occupy overcrowded and congested dwelling accommodations; that these circumstances cause conditions not conducive to the public welfare and safety; and that the construction of housing projects for such persons and the clearing and reconstruction of the areas in which such unsatisfactory conditions exist and the providing of safe and sanitary dwelling accommodations for them are public uses and purposes for which public money may be spent.

By sub. (9), sec. 66.40, Stats., the Authority, the corporation established to function as the agency to administer the law, is granted the "powers necessary or convenient to carry out and effectuate the purposes and provisions of" the law.

Thus the act does not grant unlimited authority to engage in the housing business regardless of the nature, character, or purpose of the venture. It is only when the purpose of the law is to be effectuated that the Authority may proceed.

In the complaint it is alleged, among other things, that no shortage of safe or sanitary dwelling accommodations available at rents which persons of low income can afford exists in the village of Greendale. It appears also from the complaint that the property involved consists of land upon which houses have already been built. Further, the agreement between the Authority and Norman B. Ward, attached to and made a part of the complaint, discloses that the bonds to be issued are to be secured and redeemed by the revenues of the project, from which it may be inferred that it is not planned to destroy the homes already built as though for slum clearance.

In other words, the project does not contemplate the construction of accommodations for persons of low income nor

for slum clearance, the two purposes for which the law was created. And, for the purposes of this appeal, these allegations must be considered as verities.

Respondents contend that the resolution of the Authority declaring the need for the project is conclusive and not subject to judicial review. Sec. 66.40 (4) (c), Stats., so provides. As we have already observed, we must accept the allegations of the complaint as verities. From those allegations it appears that there is no need for the proposed project. Manifestly, therefore, the conclusion of the Authority that the need exists is contrary to the facts as the demurrer admits them to be, and is not binding upon us. *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 133 N. W. 209.

We conclude upon the facts which we have here to consider that the Authority is without power to proceed as it proposes, and that the demurrer to the complaint should have been overruled.

*By the Court.*—The order sustaining the demurrer and the judgment dismissing the action are reversed and the cause is remanded for further proceedings according to law.